**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHAASIA NAZAIRE** | **CIVIL ACTION** |
| **PLAINTIFF** | **Index No:** 22-cv-8220 |
| Against | **JURY TRIAL DEMANDED** |
| **NATIONAL RAILROAD PASSENGER CORPORATION d/b/a "AMTRAK"** | |
| **DEFENDANT** | **VERIFIED COMPLAINT** |

NOW COMES Plaintiff SHAASIA NAZAIRE, by and through her attorneys, ROME, ARATA, BAXLEY & STELLY, L.L.C. and KENNETH C. BORDES, Attorney at Law, LLC and for her complaint against NATIONAL RAILROAD PASSENGER CORPORATION, states as follows:

1. Plaintiff Shaasia Nazaire is an adult individual, residing at 117-21 142nd Place, Jamaica, New York 11436, who was assigned to Defendant's New York crew base on the date of the accident sued upon in the captioned proceedings.

2. Defendant National Railroad Passenger Corporation ("hereinafter "Amtrak"), its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the part or past, is a domestic corporation engaged in the business of being a common carrier by railroad in interstate commerce. At all relevant times, Defendant and/or Defendant's predecessors in interest were regularly and systematically conducting their business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

3.     At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Yard Conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## COUNT I

4.     On or about August 16, 2021, Plaintiff was in the usual and customary performance of her duties as a Yard Conductor, working for Defendant Amtrak at Defendant's Sunnyside Yard in New York, New York.

5.     On said date, Plaintiff was performing her regular assigned duties of switching and spotting cars and building trains in the Sunnyside Yard. Plaintiff was advised that a train needed to enter Track 36, and she was assigned the task of aligning the 36 switch.

6.     Upon approaching the location of the 36 switch, Plaintiff inspected the switch points and observed no obstructions. As she was trained by Defendant, Plaintiff planted both feet, bent her knees, and straightened her back in preparation to throw the switch. As Plaintiff raised the switch handle and attempted to line the switch, she encountered far more resistance than she safely should have, had the switch operated as designed. As a result, Plaintiff immediately felt pain in her right arm and wrist.

7.     As a result of the extreme resistance encountered when attempting to throw this dangerously defective and unsafe switch, Plaintiff sustained severe and disabling injuries to her right arm and wrist, *inter alia*, which have required extensive medical treatment and physical therapy.

8.     Plaintiff was injured while engaged in the scope of her employment with Amtrak and as a direct result of Defendant's negligence.

9. Plaintiff's accident, injuries, and damages, as herein described, were caused, in whole or in part, by breaches of the duties owed by Defendant to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.,* in that:

a. Amtrak failed to provide Plaintiff a reasonably safe place to work;

b. Amtrak failed to adhere to its non-delegable duty to ensure that the switches were in a reasonably safe condition;

c. Amtrak failed to provide Plaintiff a reasonably safe rail yard in which to perform the work as she was required to do;

d. Amtrak failed to inspect, maintain, remediate, and/or repair the dangerously defective switch, despite its actual prior knowledge of the unsafe condition of the switch;

e. Amtrak failed to discover and remediate the defects in the switch;

f. Amtrak failed to warn Plaintiff of the dangerous switch with which it assigned Plaintiff to work, despite its prior knowledge of the unsafe condition of the switch;

g. Amtrak failed to warn Plaintiff of the dangers to which it was exposing her in its rail yard;

h. Amtrak failed to prevent the creation of the hazardous dangerous condition (e.g.—the malfunctioning defective switch) in an area it knew its employee(s) would be required to work;

i. Amtrak failed to employ an adequate number of maintenance employees in its Sunnyside Yard to maintain the switches so that they would operate in a safe manner;

j. Amtrak failed to comply with applicable government regulations; and

k. Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

10. Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

11. As a result of Defendant's aforesaid negligence, Plaintiff sustained serious and permanent injuries to her right arm and wrist, *inter alia*, requiring extensive medical treatment, and

has suffered, and will continue to suffer into the future, great physical pain and mental anguish. Plaintiff's earning capacity has been diminished, and Plaintiff has lost, and may in the future lose, substantial time from employment with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

12. Plaintiff avers that, at the time of the accident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following categories of damages:

(a) Physical pain and suffering, past and future;

(b) Mental anguish, past and future;

(c) Loss of enjoyment of life, past and future;

(d) Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

(e) Unpaid medical expenses, past and future.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues herein.

**WHEREFORE**, Plaintiff Shaasia Nazaire demands judgment in her favor and against Defendant National Railroad Passenger Corporation d/b/a "Amtrak," for compensatory damages, together with costs, post judgement interest, and any further and additional relief that this Honorable Court deems appropriate.

Dated: September 26, 2022, New York, New York.

*Respectfully submitted,*

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**
C. Perrin Rome, III, Esq. (*Pro Hac filing forthcoming*)
Blake G. Arata, Jr., Esq.
W. Chad Stelly, Esq.
Jason C. MacFetters, Esq.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  *Prome@romearata.com*
           *wcstelly@romearata.com*
(***Pro Hac filing forthcoming***)


**AND**

**Kenneth C. Bordes**

/s/ Kenneth C. Bordes
_____
**Kenneth C. Bordes, Esq. (N.Y. Bar No. 5336938)**
**KENNETH C. BORDES,**
**ATTORNEY AT LAW, LLC**
7722 5th Avenue
Brooklyn, NY 11209
Telephone: (504) 588-2700
Facsimile: (504) 708-1717
E-mail: kcb@kennethbordes.com

*Counsel for Plaintiff, Shaasia Nazaire*